[Cite as *State v. McElroy*, 2017-Ohio-5856.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. **2016-L-119** **2016-L-120** **2016-L-121** |
| JOHNNY R. MCELROY, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. and 2016 CR 000282, 2015 CR 000965 and 2015 CR 000966.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Johnny R. McElroy, Jr.,* pro se, PID: A683-512, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Johnny R. McElroy, Jr., appeals from the October 26, 2016 judgments of the Lake County Court of Common Pleas, denying his pro se motions to receive concurrent sentences without a hearing. Because the trial court lacked jurisdiction to modify appellant's sentences from consecutive to concurrent once his incarceration had begun, we affirm.

{¶2} This matter involves three separate cases, Case Nos. 2015 CR 000965, 2015 CR 000966, and 2016 CR 000282. On April 19, 2016, appellant waived his right to have his cases presented to a grand jury and pleaded guilty by way of informations. In Case No. 2015 CR 000965, appellant entered a guilty plea to complicity to burglary, a felony of the third degree, in violation of R.C. 2923.03(A)(2) and 2911.12(A)(3). In Case No. 2015 CR 000966, appellant entered guilty pleas to complicity to theft from a person in a protected class, a felony of the fourth degree, in violation of R.C. 2923.03(A)(2) and 2913.02(A)(1), and complicity to forgery, a felony of the fifth degree, in violation of R.C. 2923.03(A)(2) and 2913.31(A)(3). In Case No. 2016 CR 000282, appellant entered a guilty plea to complicity to burglary, a felony of the third degree, in violation of R.C. 2923.03(A)(2) and 2911.12(A)(3).

{¶3} On May 31, 2016, the trial court sentenced appellant on all three cases. In Case No. 2015 CR 000965, appellant was sentenced to 18 months in prison. In Case No. 2015 CR 000966, appellant was sentenced to nine months on each count, to be served concurrently. In Case No. 2016 CR 000282, appellant was sentenced to 18 months in prison. The sentences in the two 2015 cases were ordered to be served concurrent to each other and consecutive to the 2016 case, for a total of three years in prison.

{¶4} Thereafter, appellant filed pro se motions to receive concurrent sentences. On October 26, 2016, the trial court denied his motions for sentence modification without a hearing. Appellant filed timely pro se appeals and asserts the following assignment of error:[1]

---

1. Appellant's three appeals, Case Nos. 2016-L-119, 2016-L-120, and 2016-L-121, were consolidated by this court for all purposes.

2

{¶5} "The trial court abused its discretion for failing to hold an evidentiary hearing prior to overruling appellant's motion to receive concurrent sentences."

{¶6} As stated, appellant's sentences in the two 2015 cases were ordered to be served concurrent to each other and consecutive to the 2016 case, for a total of three years in prison. Each of appellant's written plea agreements reveal that he understood that the sentences in all three cases could be run consecutively. Appellant later filed pro se motions for sentence modification, i.e., from consecutive to concurrent, following his incarceration.

{¶7} On appeal, appellant raises an allied offense argument. However, we find that the issue of whether the trial court had jurisdiction to consider appellant's motions for sentence modification is determinative to the outcome of this appeal.

{¶8} Appellant's pro se motions can best be characterized as motions to modify his sentences since he sought to modify, not vacate, his sentences. *See State v. Archibald*, 11th Dist. Lake Nos. 2014-L-005 and 2014-L-006, 2014-Ohio-4314, ¶21. "However, '(o)nce a trial court has carried into execution a valid sentence, the court no longer has the power to modify that sentence absent statutory authority to do so. *State v. Longmire,* 11th Dist. Portage No. 2001-P-0014, 2002-Ohio-7153, ¶14. Thus, a trial court does not have jurisdiction to modify a valid sentence of imprisonment once imprisonment has begun. *Id.* at ¶15." *Archibald, supra,* at ¶21; *see also Longmire, supra,* at ¶15-16 (a trial court does not have jurisdiction to modify a valid sentence of imprisonment once imprisonment has begun except to correct a void sentencing order or a clerical mistake).

{¶9} In this case, appellant requested the trial court to amend his prison term from consecutive to concurrent sentences. Appellant did not allege that his sentences had to be modified to correct a void sentencing order or a clerical mistake. Thus, the trial court lacked jurisdiction to entertain appellant's pro se motions for sentence modification. *Archibald, supra,* at ¶21; *Longmire, supra,* at ¶15-17.

{¶10} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgments of the Lake County Court of Common Pleas are affirmed.

TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.